NEW YORK TELEPHONE COMPANY, Respondent, v. BOARD OF EDUCATION OF THE CITY OF ELMIRA, Appellant.— On April 30, 1894, the city of Elmira granted to plaintiff's predecessor, the New York and Pennsylvania Telephone and Telegraph Company, a franchise which that company accepted and one clause of which is: "That as an additional consideration for the permission hereby granted, the said company, its successor and assigns, shall furnish and maintain for the city within one-half mile of its central office in said city and at such places as its Common Council shall direct, three free exchange telephone connections; and for all other exchange service *for municipal services, shall furnish the city departments with telephones at one-half the standard rates in said city for similar services.*" From the granting of the franchise until January 10, 1924, defendant paid one-half rates for telephone service. Defendant was not a party to the agreement. On October 3, 1923, plaintiff notified defendant that the discount which it had previously received on telephone service was not obligatory on plaintiff and that thereafter defendant would have to pay the full standard rates. On January 10, 1924, defendant notified plaintiff that it was not entitled to the benefit of the one-half rate provided for in the franchise of 1894 and that thereafter it would pay the prescribed rates. It executed contracts agreeing to make such payments and actually made the same until March 29, 1930. On that date it notified plaintiff that it would not pay anything in excess of the rate specified in the franchise of 1894. Plaintiff brought this action to recover the full rates for the period between March 21, 1930, and June 21, 1932. The trial court rendered judgment in plaintiff's favor and held that defendant was not a department of the city of Elmira and by the contracts which it made with plaintiff in 1924 it waived any rights which it ever had to a discount. Judgment affirmed with costs. Rhodes, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents.

HENRIETTA L. BECKER, Respondent, v. JOSEPHINE ZULLO, Appellant.— Appeal by the defendant from a judgment entered upon a verdict of the jury in favor of the plaintiff at a Trial Term of Supreme Court, Albany, N. Y., and from an order denying a new trial. Plaintiff was crossing Manning boulevard, which runs north and south, in the city of Albany. She was proceeding in a westerly direction, and when within a step of the curb she was struck by a car proceeding southerly. After the accident and at the scene thereof, tire marks were found on the top of the nine-inch curb. Plaintiff had looked to the north before crossing the street, and saw nothing until immediately before she was struck. The night was dark; there was shrubbery along the street; the driver did not see her until he was three or four feet from her. Defendant claims that she sold the car to the driver a few days before the accident, and raises the question of ownership and contributory negligence; also claims that cross-examination of certain witnesses by plaintiff's attorney was prejudicial. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.